UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-00635-H

JAMES DENNEY                                                                                   PLAINTIFF

V.

STEAK N SHAKE OPERATIONS, INC.                                  DEFENDANT

**MEMORANDUM OPINION AND ORDER**

  Plaintiff James Denney brought this tort action against Steak N Shake Operations, Inc. ("Steak N Shake") in state court, alleging that he slipped at a Steak N Shake restaurant and injured his left knee. Defendant removed to federal court under diversity jurisdiction. Defendant now moves for summary judgment on the single claim in this case. Because the parties have engaged in sufficient discovery and the motion is fully briefed, the motion is ripe for review. For the reasons that follow, the Court will sustain the motion.

I.

  The known facts are reasonably straightforward.

  On October 26, 2010, Denney entered a Steak N Shake restaurant on Fisher Park Drive in Louisville, Kentucky to dine with his family, and immediately walked toward the restroom located at the back of the restaurant. As he headed into the restroom, his foot slipped on the floor and his left leg twisted, which "tweaked [his] knee out of place". Although Denney remained afoot during the incident, he maintains he suffered an anterior cruciate ligament tear in his left knee as a result of the slip.

Denney confirms that no water or other substance had puddled on the floor, nothing differentiated the tile on which he slipped from the tiles on the rest of the floor, and no other objects rested on the floor that could have caused his slip. Denney reported the event to Ray Stahl, the on-duty manager at the time, who investigated the area. Similarly, he identified no obstructing debris, dampness, or other condition that contributed to or caused Denney's fall. Denney asserts that the entire floor was covered with a greasy substance that made the floor "slick as a skating rink." He theorizes that the method Defendant uses to clean its floor left the surface unnecessarily slick, a dangerous condition that caused his injuries.

II.

Defendant moves for summary judgment on grounds that Denney has failed to establish a breach of any duty owed to him, an essential element to this tort claim. Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). According to this definition, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The Court will view the facts and draw all inferences in favor of the nonmoving party. *Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Once the moving party meets this standard, the nonmoving party can overcome the motion by showing that there is a genuine issue for trial "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. "A plaintiff must put forward more than speculations or intuitions." *Frazier v. USF Holland, Inc.*, 250 F. App'x 142, 148 (6th Cir. 2007). In other words, "the 'mere possibility' of a factual dispute it not enough." *Mitchel v.*

2

*Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992)(quoting *Gregg v. Allen-Bradley Co.*, 901 F.2d 859, 863 (6th Cir. 1986)). Rather, the plaintiff must assert specific factual allegations and present persuasive evidence supporting his claim to defeat summary judgment. *Matsushita Electric Indus. Co.*, 475 U.S. at 586.

### III.

This Court will apply the substantive law of Kentucky to the claim at issue while applying the standards of Rule 56(c) to evaluate the strength of Defendant's motion. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 566 (6th Cir. 2001). A common law negligence claim under Kentucky law requires proof of the following: "(1) a duty on the part of the defendant; (2) a breach of that duty; and (3) consequent injury." *Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245, 247 (Ky. 1992).

Neither party disputes that Defendant owed Plaintiff a duty under these circumstances. "[T]he business owner has an affirmative duty to exercise reasonable care to inspect for hazardous conditions." *Lanier v. Wal-Mart Stores, Inc.*, 99 S.W.3d 431, 433 (Ky. 2003). The Kentucky Supreme Court elaborated,

> The occupier must not only use care not to injure the visitor by negligent activities, and warn him of hidden dangers known to the occupier, but he must also act reasonably to inspect the premises to discover possible dangerous conditions of which he does not know, and take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement or use of the property.

*Id.* (quoting William Prosser and W. Page Keeton, *Prosser and Keeton on Torts* § 61, at 425-36 (5th ed. 1984)).

Rather, the parties contest whether that Defendant breached its duty and thereby caused damages. Plaintiff argues that the Defendant's floor was slippery, creating an unreasonably

dangerous condition that caused his injuries. Kentucky has adopted a burden-shifting scheme as to the proof required to show the essential elements in a slip-and-fall case. Quoting a Florida Supreme Court opinion, the Kentucky Supreme Court held that

> the existence of a foreign substance on the floor of a business premises that causes a customer to fall and be injured is not a safe condition and the existence of that unsafe condition creates a rebuttable presumption that the premises owner did not maintain the premises in a reasonably safe condition.
>
> Thus, once the plaintiff establishes that he or she fell as a result of a transitory foreign substance, a rebuttable presumption of negligence arises. At that point, the burden shifts to the defendant to show by the greater weight of evidence that it exercised reasonable care in the maintenance of the premises under the circumstances. The circumstances could include the nature of the specific hazard and the nature of the defendant's business.

*Id.* at 435 (quoting *Owens v. Publix Supermarkets, Inc.*, 802 So.2d 315, 331 (Fla. 2001)).

A.

After examining the evidence carefully, the Court concludes that Plaintiff has failed to meet his initial burden for two reasons. First, he has not presented sufficient evidence to show that any foreign substance covered Defendant's floor. A party may oppose a summary judgment motion by "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits" but cannot support its arguments on "the mere pleadings themselves." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-34 (1986). Here, Plaintiff only supports his argument as to the breach of a duty with his own pleadings and deposition. He states that the floor was "slick as a skating rink" without any corroborative evidence. Granted, Plaintiff testified in his deposition that a waitress commented to him that the floor was always this slick and that he witnessed an older gentleman having difficulty walking on Defendant's floor. However, the portion of testimony in the record from the one waitress deposed does not support

4

this assertion whatsoever.[1] Plaintiff could not name, and obviously therefore could not depose, the older gentleman who allegedly had difficulty walking on Defendant's floor that day. Moreover, Plaintiff claims that his wife found the floor slippery, yet she has not testified to corroborate this statement either.

Plaintiff cannot name any particular foreign substance that covered Defendant's floor, admitting that no puddle or other condition affected his ability to move over the floor except for the general, overall slipperiness of the floor. Assuming that Plaintiff did slip on Defendant's floor, the fact of a slip alone "is not sufficient to prove the existence of a dangerous condition." *Edwards v. Capitol Cinemas, Inc.*, 2003 WL 23008792, at *1 (Ky. Ct. App. Dec. 24, 2003). Plaintiff has not proved the slipperiness of the floor beyond his own mere allegations.

The Kentucky Court of Appeals affirmed a summary judgment in similar circumstances. *Jones v. Abner*, 335 S.W.3d 471 (Ky. Ct. App. 2011). The Appellant fell in a hotel shower, allegedly because the bathtub was unreasonably slippery. The Court stated, "Appellant's argument amounts to nothing more than pure conjecture because she provides nothing of substance to support her position." *Id.* at 475. The Court reasoned that "Appellant essentially assumes that something slippery caused her fall without providing any evidence to support her assumption." *Id.* at 476. Plaintiff falls prey to the same problem here.

The deposition testimony of Defendant's manager, Henry Stahl, and a waitress in charge of the portion of the restaurant where Plaintiff slipped reveals nothing to support his arguments. In fact, in response to a question inquiring why he did not take corrective action after Plaintiff's complaint, Stahl stated, "There was nothing, really, to take care of, there was no debris, nothing

---

[1] It is unclear from the record whether the waitress deposed was the same waitress Plaintiff spoke to concerning the allegedly ever-present slipperiness of the floor.

5

to mop up." Additionally, the waitress deposed could not recall any conversation relating to the incident that day. In sum, Plaintiff has failed to show a genuine issue of fact as to whether he encountered a foreign substance on October 26, 2010.[2]

B.

Second, Plaintiff does not present sufficient evidence to support the causation element of his case. Similar to the present situation, the Appellant in *Jones* failed to show that the alleged sources of her fall caused her injury. *Id.* Even taking his unsubstantiated argument as true that the floor was indeed slippery, Plaintiff here fails to demonstrate that the slippery floor caused his anterior cruciate ligament tear. Plaintiff evidently had knee problems in the past. Any small irregularity in step, even of his own making, perhaps caused his injury. Without any substantive support as to causation beyond mere allegations, the Court cannot find that Denney has presented an issue that should be submitted to the jury. Assumptions and speculation to this end are not enough.[3]

Plaintiff cites two cases that support the proposition that causation need not be definitive to survive summary judgment. In *Sheppard v. Immanuel Baptist Church*, 353 S.W.2d 212 (Ky.

---

[2] It should be noted that water brought in from outside the restaurant could have been the substance coating the floor, and Plaintiff himself could have caused the floor's slipperiness. Plaintiff admitted that it had been a stormy day, and although he did not find any water tracked in from the storm near the bathroom, he walked into Steak N Shake from the outdoors and headed straight for the bathroom. While neither party presents any further evidence to support a finding that the slipperiness was due to the weather outside, that Plaintiff tracked in the slipperiness himself is entirely plausible.

[3] Plaintiff argues that *Jones* is inapplicable because, in affirming summary judgment, the court relied on the reasoning that (1) the Appellant used the bathtub twice before without incident and (2) there exists inherent, open risks in showering, two arguments that are indeed inapposite to the present case. However, a careful reading of the case reveals that the court's analysis is more nuanced than Plaintiff would allow. Appellant argued that the bathtub was unreasonably dangerous for two reasons. First, Appellant contended that the bathtub was overly slick due to the hotel's cleaning practices. The court affirmed summary judgment on this claim, because Appellant made assumptions as to the cause of the slipperiness without providing any support. Second, Appellant argued that the lack of adequate non-slippage devices in the bathtub caused her injuries. The court reasoned that Appellant could not overcome summary judgment on this claim for three reasons: (1) that the Appellant used the bathtub twice previously without incident; (2) the Appellant's arguments were unsubstantiated; and (3) the condition was open and obvious enough that it could not be considered unreasonably dangerous. Therefore, the court's analyses as to the first claim and to the second reason for the second claim are applicable to the present situation.

1961), Kentucky's highest court reversed the lower court's summary judgment decision, because genuine issues of material fact may have existed as to contributory negligence that could surface with more time to secure evidence. *Id.* at 213-14. Essentially, the court found that summary judgment was premature, because neither party could articulate exactly where the accident took place or the direct and proximate cause of appellant's injury. *Id.* at 214. Moreover, in *Sheppard*, the Appellee's employee admitted that a condition existed that caused Appellant to stumble. Here, no such admission exists. Because the major issues before this Court concern the existence of the dangerous condition or foreign substance itself, and causation, the *Sheppard* opinion lends little guidance in analyzing the present case.

Plaintiff also relies on *Scheiber v. City of Louisville,* 324 S.W.2d 822 (Ky. 1959). In that case, the trial court apparently relied on plaintiff's deposition alone, which was uncertain as to the location of the incident and the cause of his injury, as sufficient to produce an issue for the jury. In that deposition, the Plaintiff/Appellant declared "unequivocally there was a 'good sized hole' and a break in the sidewalk which caused him to fall." *Id.* at 823. The Court finds the *Scheiber* decision factually distinct from the present situation such that its holding is not controlling.

A large hole from a break in the sidewalk is a visible condition, and therefore verifiable. Whether this hole caused Appellant to break his leg would be a genuine issue of material fact for a jury to decide. However, in the case at bar, determining whether Plaintiff slipped on an invisible substance that covers the entire surface of the floor, a contention that has not been supported in any way, seems to be unverifiable. Whether the unverifiable, invisible substance caused Plaintiff injuries is not a proper issue for the jury. Therefore, whereas in *Scheiber*, the plaintiff could potentially meet the first evidentiary hurdle of establishing the presence of a foreign substance before proving causation, Plaintiff here cannot prove this threshold element

necessary to submit the causation question to the jury. Accordingly, Plaintiff cannot overcome Defendant's Motion for Summary judgment on the causation element as well.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment is SUSTAINED and Plaintiff's claim is DISMISSED WITH PREJUDICE.

This is a final order.

cc: Counsel of Record